NOT DESIGNATED FOR PUBLICATION

No. 121,766

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANGELA SUE BURNETT,
*Appellee*,

v.

ARTHUR LEE SPEARS III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed May 1, 2020. Appeal dismissed.

*Megan Weddle*, of Doll Law Firm, LLC, of Dodge City, for appellant.

No appearance by appellee.

Before STANDRIDGE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Over the years, Angela Sue Burnett and Arthur Spears III have had multiple disagreements over custody arrangements for and parenting time with their daughter A.S., and those disagreements have periodically erupted in litigation. We have Spears' appeal from one of those eruptions in front of us in the form of his challenge to orders the Ford County District Court entered on June 3 and July 19, 2019. But the record shows Burnett and Spears participated in mediation consistent with the July 19 order and then agreed on custody and parenting time. The district court approved their agreement in an order filed on November 6, 2019. That order quelled the eruption and has rendered this appeal moot. We, therefore, dismiss the appeal.

1

We dispense with a historical rendition of the friction between Burnett and Spears on the matters of custody and parenting time. The two appear to have had serial disputes for much of A.S.'s life. She is now on the cusp of the age of majority.

In 2019, A.S. apparently had been living with Spears for some time—an arrangement we gather didn't strictly conform to the court orders in place. So Spears filed a motion asking the district court to enter an order consistent with what he and Burnett had actually been doing. The district court held a hearing on the motion, resulting in the June 3 order. The district court denied Spears' request and ordered that Burnett have custody of A.S.

Spears filed a motion for reconsideration. The district court held another hearing. In its July 19 order, the district court explicitly set aside the June 3 order, again granted custody of A.S. to Burnett, and directed Spears and Burnett to mediate their custody and parenting time issues.

Spears filed a notice of appeal. He delivered his brief to our court on November 8. In the meantime, however, Spears and Burnett went through mediation and resolved their disagreements, as we have described. Spears neither mentioned that resolution in his appellate brief nor has otherwise informed us of it.

On appeal, Spears complains about what he says are procedural and substantive irregularities by the district court during the hearing on his original motion, and he asks us to reverse the June 3 order. But the district court set aside the June 3 order. So there is nothing for us to do that would make any difference with respect to that order. Spears also complains that the district court made insufficient findings and improperly deprived him of parenting time in the July 19 order. But the district court adopted the parties' mediated agreement on custody and parenting time in its November 6 order. That order

2

superseded the July 19 order. So there is nothing for us to do that would make any difference with respect to the July 19 order. That may account for the absence of an appellate brief from Burnett.

Neither the June 3 order nor the July 19 order has any present effect on the legal relationships Burnett and Spears have with A.S. Any errors in those orders became, in a word, moot with the entry of the November 6 order. A legal dispute is moot when "the actual controversy has ended" and a court ruling "would not impact any of the parties' rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009). That's the posture we are in here. Courts refrain from deciding moot issues because the resulting ruling effectively amounts to an impermissible advisory opinion. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, Syl. ¶ 15, 179 P.3d 366 (2008) (A court will not consider issues that have become moot.). We typically dismiss an appeal that has become moot. We see no reason to do otherwise in this case. This appeal has been moot for more than five months—ample time for Spears to have alerted us.

Spears' appeal is hereby dismissed as moot.